AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
06/02/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: EC DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
June 2, 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY: Nancy Boehme
Deputy Clerk, U.S. District Court

UNITED STATES OF AMERICA

v.

SAMUEL GABRIEL MORALES,

Defendant

Case No. 2:25-mj-03356

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 1, 2025, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1791(a)(1) | Attempt to Provide Contraband to Federal Inmate |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Andrew Howard
Complainant's signature

Andrew Howard, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: June 2, 2025

Judge's signature

City and state: Los Angeles, California

Hon. Douglas F. McCormick, U.S. Magistrate Judge
Printed name and title

AUSAs: Christopher C. Kendall (x2576) and Patrick Castañeda (x0637)

**AFFIDAVIT**

I, Andrew Howard, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against SAMUEL GABRIEL MORALES ("MORALES") for a violation of 18 U.S.C. § 1791(a)(1): Attempt to Provide Contraband to Federal Inmate.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent with the United States Department of Justice, Office of Inspector General ("DOJ OIG") and have been so employed since July 2017. Prior to that, I was a Special Agent with Homeland Security Investigations ("HSI") within the United States Department of Homeland Security from August 2010 to July 2017. In my duties as a Special Agent at DOJ OIG, I investigate crimes which encompass theft, embezzlement, fraud, public corruption, cybercrimes, contraband smuggling, and sexual assault. I have conducted numerous

investigations of Bureau of Prisons ("BOP") employees at multiple BOP facilities.  These investigations involved sexual assault, detainee abuse, and introduction of contraband, amongst other crimes.  As a Special Agent, I am authorized by law or by Government agency to engage in the prevention, detention, investigation, or prosecution of a violation of federal criminal laws.  I attended the Federal Law Enforcement Training Center in 2010, completing the Criminal Investigator Training Program.  I have a Bachelor's Degree in History.  I have completed over twenty criminal investigations.

    4.   I have participated in numerous drug investigations involving violations of state, federal, and international drug laws.  These investigations and arrests involved: (1) unlawful importation, manufacture, possession with intent to distribute, and distribution of controlled substances; (2) money laundering; and (3) controlled-substance conspiracies.  During these investigations, I have debriefed defendants, witnesses, and confidential sources, conducted surveillance, executed search warrants, seized controlled substances and related assets, and made arrests for controlled-substance offenses.  These investigative procedures have allowed me to understand the methods employed by drug traffickers.  In particular, I am knowledgeable of the manner in which drug traffickers facilitate their illegal drug trade by avoiding law enforcement detection with the use of cellular telephone technology, coded communications, false or fictitious identities, hidden compartments, and counter surveillance measures.

### III. SUMMARY OF PROBABLE CAUSE

5. On June 1, 2025, during enhanced screening of BOP employees entering the BOP Metropolitan Detention Center Los Angeles ("MDC LA"), a vial of white powder was found on MORALES's person. MORALES stated that the powder was cocaine. BOP staff conducted a field test of the powder, which tested positive for cocaine. MORALES was placed under arrest and, during transfer to another facility, MORALES admitted to additional contraband in his underwear, namely a bag of white rock-like chemicals, a bag of green pills, and cellular phone SIM cards.

### IV. STATEMENT OF PROBABLE CAUSE

6. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. Enhanced Screening at MDC LA**

7. On the evening of June 1, 2025, around 9:00 PM, BOP personnel at MDC LA initiated enhanced security screening of BOP personnel entering MDC LA for the Morning Watch – 1 shift, which began around 10:00 PM.

**B. Drugs found on MORALES**

8. At around 9:40 PM, MORALES was found to have a vial of white powder in his left sock. MORALES stated to the BOP staff that the powder was cocaine for personal use. DOJ OIG and US Attorney's Office Criminal Investigative Division ("USAO CID") were notified and DOJ OIG effected an arrest of MORALES. MORALES was given his Miranda warnings. MORALES re-stated to

3

DOJ OIG that the powder was cocaine but otherwise declined to make a statement at that time.

9.   BOP conducted a field test of the powder utilizing NIK testing procedures, which resulted in a positive result for cocaine.  USAO CID took possession of the cocaine.

**C.   MORALES's Statements**

10.   During transport to an overnight holding facility by USAO CID, MORALES admitted to having additional contraband in his underwear.  Upon arrival at the holding facility, a rock-like substance, a bag of green pills, and multiple SIM cards were found in MORALES' underwear.

11.   Based on the presence of suspected cocaine, pills, and multiple SIM cards (used to operate cellular phones) in MORALES' underwear, I believe that MORALES intended to distribute these items to inmates at MDC LA.

## V.   CONCLUSION

12.   For all the reasons described above, there is probable cause to believe that SAMUEL MORALES has committed a violation of 18 U.S.C. § 1791(a)(1): Attempt to Provide Contraband to Federal Inmate.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 2nd day of June,
2025.

_____
Douglas F. McCormick
UNITED STATES MAGISTRATE JUDGE